### REGINALD TUCKER *vs.* HALBERT G. STETSON.

Suffolk.    March 7, 17, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of physician and surgeon. *Physicians and Surgeons. Practice, Civil,* Judge's charge. *Evidence,* Presumptions and burden of proof.

At the trial of an action against a physician and surgeon for personal injuries alleged to have resulted from negligence of the defendant in treating the plaintiff, it appeared that in an accident the plaintiff had sustained a broken collar bone and a severe injury to a network of nerves around the shoulder called the brachial plexus. The defendant admitted that he so diagnosed the injury within a few days after it occurred. He treated the plaintiff at a hospital for three weeks and then directed him to go to another physician for another kind of treatment, but at no time advised an operation. The treatment was ineffectual and the plaintiff's arm began to wither. After six weeks of treatment, the plaintiff went to another hospital, where an operation was performed which was unsuccessful. There was conflicting testimony as to whether an operation, performed upon the plaintiff within a few days after the injury, probably would have restored the use of the arm or some of it. There also was evidence that ordinary surgeons in the locality where the defendant practised his profession had the skill necessary to perform the required operation. *Held,* that a verdict for the plaintiff was warranted.

In the action above described, it also was *held,* that the liability of the defendant was not to be determined by the jury upon consideration of contingent, speculative or possible results of an operation which might have been performed upon the plaintiff to remedy or mitigate the consequences of the injury to the nerves, but only upon proof by a fair preponderance of evidence that it was reasonably probable that such a result would follow an operation, performed by the defendant with the ordinary skill and ability of surgeons practising in localities similar to that where the defendant undertook to practise his profession.

Exceptions by the defendant to certain portions of the charge to the jury in the action above described were sustained because such portions of the charge violated the principle of law above stated.

TORT for personal injuries alleged to have resulted from negligence of the defendant, a physician and surgeon, in treating the plaintiff. Writ dated September 19, 1916.

In the Superior Court the action was tried before *White,* J.

The evidence, certain portions of the charge to the jury and the exceptions of the defendant are described in the opinion.

The jury found for the plaintiff in the sum of $8,000; and the defendant alleged exceptions.

*E. C. Stone,* for the defendant, submitted a brief.

*C. J. Martell,* (*W. Flaherty* with him,) for the plaintiff.

PIERCE, J. In June, 1915, the plaintiff met with an accident while operating a motorcycle, which came into collision with a team that was coming around a curve on a cross road. He was taken to a hospital in Greenfield where he was treated by the defendant. As a result of this collision he sustained a broken collar bone and a severe injury to the set or network of nerves around the shoulder and neck called the brachial plexus, which resulted in a paralysis of his arm. He remained in the hospital three weeks, during which the defendant saw him every morning. During the time he was in the hospital his arm and shoulder were bandaged up. He could move his fingers a little but could not move his arm; and since that time he has never been able to make any other movement with the fingers or arm. At the end of three weeks he left the hospital at the defendant's suggestion. "The defendant directed him to go to see Dr. Hodskins . . . every day or so, the defendant telling him that he thought that his arm would come on all right in a couple of months or so." The plaintiff "went to Dr. Hodskins every other day or so" and had his arm rubbed with a liniment of some kind, and then put back in its bandage, the doctor telling him to massage it himself once or twice a day, which he did, but noticed no change in the feeling or sensation of his arm as he followed this course of treatment. After six weeks of treatment his arm began to wither up. He then went to the Massachusetts General Hospital and was operated upon unsuccessfully; the arm at the time of the trial was useless.

The claim of the plaintiff, as set out in the declaration, is "that the defendant carelessly and negligently failed to operate upon the injured parts of the plaintiff's body seasonably and that he failed to exercise that judgment which he professed to possess in the treatment of the plaintiff's injuries." At the close of the evidence the presiding judge refused to direct a verdict for the defendant, and the defendant excepted.

We think the ruling was right. The defendant is a physician and surgeon. He testified that he had been practising surgery since 1895; that in 1901 he had become an examining physician and surgeon for the important railroads in Greenfield; that he "had done some post-graduate work that was devoted to surgery;" that he "had had a large, wide and varied experience with almost every ordinary class of case, such as comes within the ordinary everyday work of a good surgeon;" that "he had been a busy man and was on the staff of the Franklin County Hospital;" that "he had never performed an operation to relieve any trouble with the brachial plexus, though he knew what it was and appreciated the effects of injury to it, and considered himself competent to pass upon whether the brachial plexus had been affected, and was satisfied in his own mind the following day after the accident that the plaintiff had trouble with the brachial plexus and treated him, keeping that fact in mind, so that the mere setting of the collar bone was not all he had in mind to do for the plaintiff;" and "that as compared to the injury to the brachial plexus, the collar bone was a simple and trivial part, and what . . . [he] was treating the plaintiff for as far as he was able was for the brachial plexus as well as for the broken arm." The testimony fully warranted the jury in finding that ordinary surgeons in the town where the defendant practised his profession had the skill and ability successfully to perform the surgical operation of "cutting into the nerves and suturing or sewing them together as far as possible in their normal position."

The conflicting testimony warranted a finding that such an operation upon the plaintiff, performed within a few days after the injury and before the nerves had lost their functional activity, probably in whole or in part would have restored the use of the arm. It also warranted a finding that the defendant did nothing for the plaintiff except to have a sand bag placed on his shoulder, have an x-ray taken, dress the arm with cotton bandages, and keep him in bed on his back during the ten days the plaintiff was at the hospital and until he was discharged, without advice that an operation was desirable or a suggestion that he could or should obtain the services of the best surgeons at the Massachusetts General Hospital. The foregoing facts if believed warranted a finding that the defendant was negligent in

failing to operate or in failing to advise the plaintiff seasonably to procure elsewhere surgical relief if the defendant felt himself incompetent to act.

. We think there was prejudicial error in the charge when the presiding judge told the jury: "Now in sustaining the burden of proof upon a matter of this kind, the possibilities may first be dealt with. Was it possible for good results or better results to come from an operation? If it was not possible, why, then you will go no further with the case. Upon this Dr. Pierce says there were excellent probabilities, and the doctors on the other side say that they were dealing with a mere hope; Dr. Porter, who is or appears to be by the counsel on both sides the highest authority in Massachusetts upon this, tells you of his result in fifteen or eighteen cases upon which he has operated and that it is a mere hope; and Dr. Lothrop says — you have heard what he said. Whether there was any possibility, — the doctor says there was; and from the evidence of the other doctors it may be competent for you to find that so far as they are concerned that there was a possibility not of entirely remedying the condition of the nerves, but mitigating the consequences in some degree by an operation." As also in that part of the charge where the jury were instructed: "If after considering all the evidence in the case, the possibilities, the probabilities and the high degree of probabilities, you shall still say that you are left to a guess, of course you cannot found a verdict on a guess. The burden of proof, as I told you, is upon the plaintiff, and you can take these matters into consideration in saying whether he has proved his case."

The liability of the defendant was not to be determined by the jury upon consideration of contingent, speculative and possible results of an operation which might be performed upon the plaintiff to remedy or mitigate the consequence of the injury to the nerves, but upon proof by a fair preponderance of evidence that it was reasonably probable that such a result would follow an operation, performed by the defendant with the ordinary skill and ability of surgeons practising in towns similar to the one where the defendant undertook to practise his profession. *Small v. Howard*, 128 Mass. 131, 135.

*Exceptions sustained.*