GEORGIANNA CHESLEY *vs.* CHARLES E. DURANT.

Essex.    October 18, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Of physician and surgeon. . *Physician and Surgeon.    Practice, Civil,* Requests, rulings and instructions.

At the trial of an action of tort by a woman against a physician and surgeon for personal injuries resulting from alleged negligence of the defendant in caring for the plaintiff during convalescence from an operation for appendicitis performed by him, there was evidence tending to show that, symptoms of sepsis having appeared six days after the operation, the defendant for the purpose of drainage inserted in the wound a piece of rubber tubing which he renewed each day for nine days as he dressed the wound; that he then left on a vacation, placing the plaintiff in charge of an associate, who in his treatment used no tubing; that the wound healed and the plaintiff improved in health until a year later, when she began to decline and ten months later the wound opened and a piece of rubber tubing of the kind previously used by the defendant was discharged. The plaintiff testified that "whenever a tube was inserted she had a feeling or suspicion that it was being done and that at the defendant's last dressing she had no such sensation" and that, when she told the defendant

that the tube had been found and extracted, he did not deny her accusation that he had not inserted a tube at his last visit. The associate physician testified that at the time of the defendant's last dressing of the wound no tube was inserted. The jury found for the plaintiff, and, in an action by the plaintiff against the associate physician tried at the same time, found for that defendant. *Held*, that

(1) It was for the jury to say whether the conduct of the defendant came up to the standard of reasonable skill and diligence required of members of his profession under corresponding conditions;

(2) A verdict for the plaintiff was warranted.

It is proper, at the trial of an action of tort for personal injuries, to refuse requests which in substance ask for instructions to the jury to disregard the plaintiff's · testimony of her physical suffering which they could find in character and duration were caused by the defendant's negligence.

TORT for personal injuries alleged to have been received by reason of negligence of the defendant, a physician and surgeon, in caring for the plaintiff during convalescence after he had performed upon her an operation for appendicitis. Writ dated January 4, 1919.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

*E. S. Abbott*, for the defendant.

*J. P. Sweeney*, for the plaintiff.

BRALEY, J. This is an action of tort for personal injuries alleged to have been caused by the defendant's negligence. It was undisputed that the plaintiff while at a hospital was operated upon by the defendant, a physician and surgeon, for appendicitis on July 29, 1916, and that on August 4, symptoms of sepsis having appeared, the defendant for the purpose of drainage inserted in the wound a piece of rubber tubing about two and one half inches long and one eighth of an inch in diameter. The defendant thereafter and until August 14 dressed the wound and inserted a new tube each day. But on August 15 he went on a vacation, leaving his patient in the care of Dr. Laskey, whose first dressing was on August 16, and who continued as the physician in charge until the plaintiff left the hospital, and thereafter at her residence up to September 6, when the wound appeared to be clean and healed. In his treatment Dr. Laskey did not insert a drainage tube, and the jury could find on the plaintiff's evidence that, after leaving the hospital, she improved rapidly and gained in strength until

the following September when her health began to decline and she experienced much tenderness with a sensation of circulation in the wound, which in November opened and something protruded from it. A nurse being called, pulled from the wound a tube covered with blood, about two and one half inches in length.

It is unnecessary to describe the effect of the condition described upon the plaintiff's health and capacity for her work as a school teacher, which she narrated in much detail. The question is, whether her sufferings were attributable to the professional misconduct of the defendant. He last dressed the wound August 14, and the evidence was conflicting whether he then removed the old, and inserted a new tube. The jury could disbelieve the defendant and Dr. Laskey, that the old tube had been withdrawn, and of the defendant, that it was not replaced by a new one, and accept the plaintiff's statement that "whenever a tube was inserted she had a feeling or suspicion that it was being done and that at Dr. Durant's last dressing she had no such sensation." They also had before them the plaintiff's evidence that, when she told the defendant that the tube had been found and extracted, he did not deny her accusation that he had not inserted a tube at his last visit, as well as the testimony of Dr. Laskey that at that time no tube was inserted because the drainage had substantially ceased and such treatment was no longer necessary. The outstanding fact on the record is that after the wound apparently had fully healed and after pronounced symptoms of irritation and inflammation became manifest, the wound reopened and a tube of the kind previously referred to and admittedly used by the defendant, was discharged. A finding was warranted that this abnormal and dangerous condition arose from the defendant's treatment while he was in attendance and before he placed the plaintiff, during his absence and with her consent, in the care of Dr. Laskey, who in a similar action tried with the present suit has been exonerated by the jury.

The defendant was required to use such reasonable skill and diligence as members of his profession commonly possess and exercise under corresponding conditions, and it was for the jury to say under appropriate instructions, which the record states were given, whether under all the circumstances his conduct came up to the required standard. *Small* v. *Howard*, 128 Mass.,

131.  *Tucker* v. *Stetson,* 233 Mass. 81, 84.  *Carey* v. *Mercer,* 239 Mass. 599.

The motion for a directed verdict, and the eleventh request, "That there is no evidence to warrant the jury in finding that there was any negligence on the part of this defendant" were denied rightly.  The ninth request, that "There is no evidence to warrant a finding that the plaintiff's nervous or other troubles after the tube was removed and the wound healed up were in any way caused by the leaving of the drainage tube in the plaintiff's wound while she was at the hospital," and the thirteenth request, that "There is no evidence to warrant the jury in finding that the plaintiff was incapacitated for work at any time later than two weeks following the removal of the tube on or after November 7, 1915," which in substance asked that the jury be instructed to disregard the plaintiff's testimony of her physical suffering, which the jury could find in character and duration were caused by the defendant's negligence, could not have been given.

We perceive no error of law at the trial and the exceptions must be overruled.

*So ordered.*