# Staunton.

## Norfolk And Western Railway Company v. T. W. Thayer Company.

### September 20, 1923.

#### Absent, Kelly, P.

1. New Trials—*Verdict Contrary to the Evidence—General Rule.*—It is well settled law of Virginia that the trial court cannot set aside the verdict of the jury as contrary to the evidence unless it is plainly contrary to the evidence.

2. Appeal and Error—*Rule of Decision in Appellate Court—Code of 1919, Section 6363.*—Code of 1919, section 6363, providing that "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it" must be read in connection with section 6251 of the Code of 1919, and the explanatory note thereto by the revisors. When so read, it is fairly plain that the judgment referred to in section 6363 is a judgment in support of the verdict.

3. Appeal and Error—*Rule of Decision in Appellate Court—"As on a Demurrer to the Evidence"—Section 6363 of the Code of 1919.*—Section 6363 of the Code of 1919, providing that "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it," wrought but slight change in the law as it formerly stood that the case would be regarded by the appellate court as on a demurrer to the evidence. It was intended to meet exceptional cases where the verdict and judgment were plainly wrong and injustice was done because there was some evidence in favor of the verdict and judgment, though entitled to little weight, but the judgment could not be disturbed on account of the strict, and sometimes technical, enforcement of the rule "as on a demurrer to the evidence." In a great majority of instances, cases at law arising under section 6363 of the Code are still to be heard in the Supreme Court of Appeals practically as on a demurrer to the evidence by the plaintiff in error, but exceptional cases may arise where a strict and technical enforcement of that rule would work injustice, and in those cases some latitude is allowed to the Supreme Court of Appeals.

4. Appeal and Error—*Rule of Decision in Appellate Court—Section 6363 of the Code of 1919—Credibility of Witnesses.*—The Supreme Court of Appeals has uniformly refused, in cases arising since section 6363 of the Code of 1919 went into effect, to set aside verdicts because contrary to the evidence or without evidence to support them where there was involved the credibility of witnesses whose testimony the jury might reasonably have believed, or the weight to be given to their testimony, or a question of a mere preponderance of the evidence. It is manifest, therefore, how slight a change has been wrought by the difference in the phraseology of the statute.

5. New Trials—*Verdict Contrary to the Evidence—Power of Courts Over Verdict—Section 6252 and 6363 of the Code of 1919.*—Trial courts have no greater power over verdicts now than they had before the enactment of the Code of 1919 (see section 6252), nor has the Supreme Court of Appeals. The Supreme Court of Appeals has always exercised the power and duty, when not hampered by statute, of setting aside a judgment that was plainly wrong or without evidence to support it.

6. Appeal and Error—*Rule of Decision in Appellate Court—"As on a Demurrer to the Evidence"—Section 6363 of the Code of 1919—Case at Bar.*—The instant case not being of that exceptional character where a strict and technical enforcement of the rule that cases arising under section 6363 of the Code of 1919 are still to be heard in the Supreme Court of Appeals practically as on a demurrer to the evidence by the plaintiff in error would work injustice, the judgment of the trial court could not be disturbed unless it could be seen from the record that the verdict of the jury was plainly contrary to the evidence or without evidence to support it, and, in determining that question, the case must be viewed as on a demurrer to the evidence by the plaintiff in error.

7. Fires—*New Trial—Evidence Sufficient to Show that Fire was Set Out by Defendant.*—In the instant case it was conceded that if there was sufficient evidence to show that the fire which destroyed the plaintiff's property was set out by the defendant, the verdict could not be disturbed. It was manifest that the jury and the trial court had advantages in the interpretation and application of the testimony of the witnesses not possessed by the Supreme Court of Appeals, and that it would be a dangerous experiment for that court, under the circumstances, to change their application.

   *Held:* That viewing the testimony as on a demurrer to the evidence by the defendant, it could not be said that the verdict of the jury was either plainly contrary to the evidence, or without evidence to support it.

8. Fires—*New Trial—Evidence Sufficient to Show that Fire was Set Out by Defendant.*—In the instant case, an action for damages for the de-

struction by fire of the property of the plaintiff, there was evidence tending to show that the fire set out by the defendant was carried rapidly by a very high wind to the property of the plaintiff and destroyed it.   There was serious conflict in the testimony on the subject, but it was not inherently impossible.

*Held:*   That the question raised was one of fact which was peculiarly proper for the determination of the jury which was fully and properly instructed on the burden of proof, and with the finding of the jury the Supreme Court of Appeals could not interfere.

Error to a judgment of the Circuit Court of Washington county, in an action of trespass on the case. Judgment for plaintiff.   Defendant assigns error.

*Affirmed.*

The opinion states the case.

*White, Penn & Penn, H. E. Widener,* and *Staples, Cocke & Hazlegrove,* for the plaintiff in error.

*Hutton & Hutton* and *L. P. Summers,* for the defendant in error.

Burks, J., delivered the opinion of the court.

The T. W. Thayer Company sued the Norfolk and Western Railway Company to recover damages for the destruction of standing timber, felled trees, bark and other property by fire alleged to have been set out by the railway company.   There was a verdict and judgment for the plaintiff for $23,767.00, which judgment we are asked to review and reverse.   The only assignment of error is that the trial court erred in refusing to set aside the verdict on the ground that it was "contrary to the evidence or without evidence to support it."   No objection is made to the rulings of the trial court on the admissibility of evidence, or on the instruc-

tions, or to the amount of the verdict.    If there is suffi-
cient evidence to show that the fire which destroyed the
plaintiff's property was set out by the defendant, it is
conceded that the verdict cannot be disturbed.

[1-5] It is the settled law of this State, by cases too
numerous to cite, that the trial court cannot set aside
the verdict of the jury as contrary to the evidence un-
less it is *plainly* contrary to the evidence.    But the
argument has been advanced from time to time, that
the change in the phraseology of the statute on the rule
of decision in this court (Code, section 6363) wholly
abolished the rule "as on a demurrer to the evidence."
On this subject it was said in *Davis* v. *McCall*, 133 Va.
487, 493-4, 113 S. E. 835, 837, in a portion of the opinion
concurred in by all of the judges: "Prior to the Code of
1919 the rule of decision in this court in a case of this
kind was 'as on a demurrer to evidence.'  For this rule,
the revisors, by section 6363, substituted the language
'the judgment of the trial court shall not be set aside
unless it appears from the evidence that such judgment
is plainly wrong or without evidence to support it.'
This section must be read in connection with section
6251 and the explanatory note thereto by the revisors.
When so read, it is fairly plain that the judgment re-
ferred to in section 6363 is a judgment in support of the
verdict.    The change in the phraseology of section 6363
wrought but slight change in the law as it formerly
stood.    It was intended to meet exceptional cases
where the verdict and judgment were plainly wrong and
injustice was done because there was some evidence in
favor of the verdict and judgment, though entitled to
little weight, but the judgment could not be disturbed
on account of the strict, and sometimes technical, en-
forcement of the rule 'as on a demurrer to the evidence.'
In a great majority of instances, cases at law arising

under section 6363 of the Code are still to be heard in this court practically as on a demurrer to the evidence by the plaintiff in error, but exceptional cases may arise where a strict and technical enforcement of that rule would work injustice, and in those cases some latitude is allowed to this court. A number of cases have come to this court on certificate of the evidence since the Code went into effect, and we have been asked to set aside verdicts because contrary to the evidence, or without evidence to support them. We have uniformly refused to do so where there was involved the credibility of witnesses whose testimony the jury might reasonably have believed, or the weight to be given to their testimony, or a question of a mere preponderance of the evidence. So it is manifest how slight a change has been wrought by the difference in the phraseology of the statute. Trial courts have no greater power over verdicts now than they had before the enactment of the Code (see section 6252) nor has this court, but this court has always exercised the power and the duty, when not hampered by statute, of setting aside a judgment that was plainly wrong or without evidence to support it. See *Chappan* v. *Va. Real Estate Co.*, 96 Va. 177, 31 S. E. 74, and other cases cited in notes to Code, section 6363."

[6] The case at bar is not of that exceptional character, and we have no right to disturb the judgment of the trial court unless we can say from the record that the verdict of the jury was plainly contrary to the evidence or without evidence to support it, and, in determining that question, we must view the case as on a demurrer to the evidence by the plaintiff in error.

[7] On April 23, 1920, three separate fires were set out by the defendant Norfolk and Western Railway Company on its property in the neighborhood of the plain-

tiff's property, which have been designated as "the fire
at the bend," "the fire at the trestle," and the "fire at
the tall timber." There was also burning at the same
time a fire on the west end of the plaintiff's property set
out by its own engines.  The question was which fire
did the damage.  We think we may safely eliminate the
"fire at the trestle," and the "fire at the tall timber" as
causes of the damage, and restrict the inquiry to the
plaintiff's fire on its own property, and the defendant's
"fire at the bend."  The country is very mountainous.
The main ridge is known as "Straight mountain," and
its direction was from the  southwest to the northeast.
In the valley on the south side the defendant operates a
commercial railroad, and in the valley on the north side
the plaintiff operates a narrow gauge lumber railroad.
The property burned was at or near the top of "Straight
mountain" at the northeast end.  At the time of the
fire a very high wind was prevailing from the southwest
to the northeast.  Besides "Straight mountain" which
separated the two railroads, there were various other
mountains, spurs and ridges which enveloped the prop-
erties, and there was much smoke in the different valleys
coming from the various fires aforesaid.  It was im-
portant, therefore, in weighing the testimony of the
witnesses, to know where the witness was at the time
and his opportunities for observation, and also the
topography of the country.  A number of blue-prints
and drawings and one topographical map were used in
the argument of the case in this court and filed for in-
spection.  How many of these were used at the trial,
without objection, we have no means of knowing.  It is
immaterial, however, as no objection was made, or ex-
ception taken, to their use.  At least fifty witnesses
were examined in the case, and the record is voluminous.
It would be difficult, if not impossible, to make any sat-

isfactory statement of the facts of the case, owing to the confused condition of the record. All through the record, in both questions and answers, there runs the word "indicating," without anything in the record or on the maps or drawings to designate the location referred to. To illustrate: The location of the fire at different hours of the day was very important. A witness was asked on what portion of Straight mountain he was between two and three o'clock that day. He replied, "I was here about two o'clock (indicating). I went down to that point and then back up here to this point (indicating)." Another witness, referring to the answer quoted, said: "Yes, sir; he came to us right about here somewhere (indicating)—No; right about here (indicating)." Again: "This fire (indicating) you said was a hot fire at eleven o'clock in this section here (indicating),"etc. These are not exceptional instances. The record is full of them. It is impossible from the record to fix locations so designated. Doubtless these locations were made plain to the jury and the trial court by being pointed out on the drawings as the witnesses testified, but they are not so to this court. It is manifest that the jury and the trial court had advantages in the interpretation and application of the testimony of the witnesses not possessed by this court, and it would be a dangerous experiment for this court, under the circumstances, to change their application. We have carefully read and considered all of the testimony in the case, and viewing it, as we must, as on a demurrer to the evidence by the defendant, Norfolk and Western Railroad Company, we are unable to say that the verdict of the jury is either plainly contrary to the evidence, or without evidence to support it.

[8] It could serve no useful purpose to give the details of the testimony, as they are so varied that they could never be so far duplicated as to render the decision of

any value as a precedent.   It must suffice to say that there was much evidence tending to show that the fire set out by the defendant at "the bend" was carried rapidly by a very high wind to the property of the plaintiff and destroyed it.   It is true that there was serious conflict in the testimony on the subject, but it was not inherently impossible, and the question raised was one of fact which was peculiarly proper for the determination of the jury which was fully and properly instructed on the burden of proof.   With that finding we cannot interfere.

In the reply brief of the plaintiff in error it is said: "Thus the origin of the Douglas fields fire, admittedly the offending fire, left, by the plaintiff's testimony, in such doubt and confusion that it can only be said that every factor of reasonable certainty is in favor of the defendant." It is this conceded "doubt and confusion" that necessitates an affirmance of the judgment of the trial court.   The verdict of the jury fixed the responsibility for that fire on the defendant.

*Affirmed.*