ROBERT DEMORANVILLE *vs.* ANDREW MARTIN.

Bristol.    October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Damages,* In tort. *Practice, Civil,* Requests, rulings and instructions. *District Court.*

Where, at the trial in a district court of an action of tort for personal injuries, the judge, at the request of the defendant, ruled that no damages could be awarded for future injuries as to which there was no evidence other than testimony that it was possible that a certain

condition might result in the future, and declined to give certain other rulings, stating in substance that they were not warranted by the evidence, and finding for the plaintiff in a substantial sum, it must be assumed, upon an appeal by the defendant from a dismissal by the Appellate Division of a report by the judge, that the judge in his finding was guided by the rulings he made; and, the evidence warranting the finding, no error of law was shown.

TORT for personal injuries. Writ in the Third District Court of Bristol dated November 2, 1929.

Material evidence, rulings and findings by the judge of the District Court are stated in the opinion. He found for the plaintiff in the sum of $4,500 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*M. J. Mulkern,* for the defendant.

*G. B. Goodman,* for the plaintiff, submitted a brief.

SANDERSON, J. This is an action of tort brought by a boy eight years of age for personal injuries received when the defendant drove his automobile into one in which the plaintiff was riding. The District Court found for the plaintiff and its report of the case to the Appellate Division was dismissed. The only questions raised by the record relate to the rulings on five requests respecting damages, which are, in substance, (1) that no damages can be awarded for future injuries as to which there is no evidence other than testimony that it is possible that a certain condition may result in the future; (2) that no damages can be awarded except to compensate for the bruise and abrasion to the boy's face and for the cost of replacing any broken teeth and for the pain, discomfort and expense incident thereto; (3) that no damages can be awarded based upon the testimony of Dr. Sullivan, the orthodontist; (4) that no damages can be awarded on the testimony of Dr. Wollaston; and (5) that no damages can be awarded except for bruises, contusions and direct injuries, as distinct from technical matters testified to by Dr. Sullivan and Dr. Wollaston. The trial judge ruled that request numbered 1 was granted as a statement of law, but that evidence was offered to show that malformation of the jaw has already

set in.   In denying request numbered 2 he said: " The evidence shows that much more injuries were suffered by the plaintiff;" and, in denying the third, that " Dr. Sullivan's evidence was confirmed and amplified by other witnesses." He stated that the fourth and fifth were denied for the same reason as was the third.

The judge also found that the plaintiff, a boy eight years of age, was riding in an automobile with his father on a highway in New Bedford; that the defendant was driving a motor vehicle in the opposite direction at a speed of from forty-five to fifty miles an hour, and as he approached a curve in the road did not slacken speed; that when rounding the curve and seeing the automobile in which the plaintiff was riding he put on his brakes, skidded in the gravel, and collided with the Demoranville automobile causing damage to it and injury to its occupants; that the plaintiff's teeth were broken necessitating the removal of nine, some of which are permanent teeth, and that his face and gums were badly bruised and his cheek was cut.   The judge referred to testimony tending to prove that future treatment would be required to prevent malformation of the jaw, which had already set in, and that treatment must continue until the plaintiff arrives at adult age.   He found that there was a bruise and swelling near the left eye and that evidence was offered that possible complications might result from the bruise, and that the plaintiff should be supplied with glasses.   He also referred to the conflict of evidence on the question whether the necessity for glasses was caused by the accident, and to evidence that the boy had had a bad nervous shock which persisted for a considerable time.

No objection was made to the admission of evidence and all of it was entitled to its probative effect.   *Hubbard* v. *Allyn,* 200 Mass. 166, 171.   *Bagley* v. *Wonderland Co.* 205 Mass. 238, 245.   The judge rightly ruled that request numbered 1 was a correct statement of the law.   *Tucker* v. *Stetson,* 233 Mass. 81, 84.   It must be assumed that he was guided by the ruling thus made in assessing damages.   It does not appear that he assessed any damages based upon

evidence of possible complications. The reasons stated by the judge were sufficient to justify him in declining to give the requested rulings numbered 2–5 inclusive. No reversible error of law appears in any of the matters open on the record.

*Order of Appellate Division*
*dismissing report affirmed.*