# Richmond

MARY MADISON v. KROGER GROCERY AND BAKERY COMPANY, INC., AND ANOTHER.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*Woods, Chitwood, Coxe & Rogers, Leonard G. Muse* and *John L. Walker,* for the defendants in error.

CAMPBELL, C. J.,* delivered the opinion of the court.

This action by notice of motion was brought by plaintiff in error to recover damages in the sum of $2,500, alleged

---

*By reason of circumstances over which the court had no control, it became necessary to reassign the task of preparing this opinion. This accounts for the apparent delay in deciding the case.

to have been suffered by her by reason of defamation of her character by defendants.

The notice sets forth that the defendant, Kroger Company, Incorporated, was engaged in the grocery business in the town of Pearisburg; that the defendant, Rhea, was the manager and agent of the company; that on the 29th day of March, 1930, plaintiff entered the store of the company and while there purchased sundry articles of merchandise; that after departing from the store and while traversing a public street of the town, said Rhea overtook plaintiff and accused her of stealing two loaves of bread.

The original notice of motion was filed March 9, 1931, and the case was tried at the June term of court, 1931. Upon the trial, after plaintiff had concluded her evidence, the defendants moved the court to strike out plaintiff's evidence, upon the ground that publication of the alleged slanderous words had not been proven. Thereupon plaintiff asked leave to amend her notice of motion by adding a count for insulting words, under the provisions of section 5781 of the Code. The objection urged against the amendment was that it created a new cause of action which was barred by the statute of limitations. The court permitted the amendment, the trial was proceeded with and resulted in a verdict for the plaintiff in the sum of $250. No motion was made by plaintiff to set aside the verdict on the ground that the damages awarded were inadequate, and the clear inference is that she was willing to accept judgment for $250. Whereupon, defendants moved the court to set aside the verdict upon the ground that the court erred in allowing the trial to proceed upon the amended notice. The motion was sustained and judgment was entered by the court in favor of the defendants.

The following is assigned as error: "The court erred in setting aside the verdict and doubly erred when it entered judgment for the defendants."

The prayer of the petition is that the judgment be reversed, the verdict set aside, and that plaintiff be awarded

a new trial, or if this court has jurisdiction so to do, to enter final judgment on the verdict as rendered.

In *Todd* v. *Gallego Mills Mfg. Co.*, 84 Va. 586, 5 S. E. 676, it was held that the question of jurisdiction is one for the determination of the appellate court only. Before the merits of this case can be considered, this court must determine whether it has jurisdiction. Section 6337 of the Code 1930 prohibits the consideration by the appellate court of a petition for a writ of error to the judgment of any court "when the controversy is for a matter less in value or amount than three hundred dollars unless * * *," etc.

It is contended by plaintiff that the sum of $2,500, the amount of damages claimed in the notice of motion, is the amount involved upon this writ of error, and therefore this court has jurisdiction.

The point which seems to cause a difference of opinion in the construction of section 6337 is: Does the statute refer to the amount in controversy in the lower court, or to the amount in controversy which is before the appellate court?

In Burks' Pleading and Practice (2d ed.) page 761, it is said: *"On principle* it would seem that the amount in controversy means *in controversy in the appellate court* and not in the trial court, and this amount is measured by the difference between what was claimed by the party in the trial court and the amount allowed him in that court; and, in ascertaining the amount claimed in the trial court, we should look (in case of the plaintiff) to the amount claimed by him in the *body of the declaration* and not merely to the *ad damnum* clause. The plaintiff in error is not making any complaint of what he has received, but of what he has not received, and so much of what he claimed in the trial court as was not allowed him in that court represents the matter in controversy in the appellate court."

In *Batchelder, etc.* v. *Richardson, etc.*, 75 Va. 835, it appears the appellants were the holders of two notes amounting to $520.16, and the appellee, Richardson, of three notes

amounting to $428. These notes were secured by a deed of trust on certain property. The property was sold for $556.20. The plaintiffs filed a bill claiming priority of payment. The appellee did not deny the right of appellants to participate in the fund, but did insist upon a *pro rata* application to the notes in question. The lower court held that the appellants should be allowed the sum of $286.72 and the appellee, Richardson, the sum of $228, these two sums being the aggregate of the net proceeds of the sale. In dismissing the appeal, Judge Staples said:

"From this statement it will be perceived that the only matter in controversy here, and in the court below, is the sum of $228 allowed the appellee by the decree of the court. The appellants' right to the $286.70 has not been drawn in question. The first matter, therefore, for our consideration is with respect to the jurisdiction of this court to hear the case.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"These authorities seem to be decisive of the present case; for, as already stated, the only matter in dispute was the sum of $286, although the plaintiff claimed the entire fund in his bill. That this modification of the rule is correct, cannot be for a moment questioned. For otherwise, if the plaintiff claimed a debt of $500 in his bill or declaration, and received $495 with the consent of the defendant, the plaintiff may bring his case here to reverse a judgment involving the sum of $5.00. Such a case is not likely to occur, but it seems to illustrate the point involved. We are, therefore, of opinion the appeal must be dismissed as improvidently allowed."

In that case we read also: "In a number of cases this court, following the decision of the Supreme Court of the United States, has held that where the plaintiff in his bill or declaration claims money or property of greater amount or value than $500, but by the ruling of the court obtains a decree or judgment for less, he is entitled to his appeal or writ of error, because as to him the matter in controversy

is the sum or amount claimed, and he may, upon a reversal or a new trial, obtain a decree or judgment for the whole amount so claimed. *Gage* v. *Crockett,* 27 Gratt. [68 Va.] 735; *Harman* v. *City of Lynchburg,* 33 Gratt. [74 Va.] 37; *Campbell* v. *Smith,* 32 Gratt. [73 Va.] 288.

"Upon examining these cases it will be found they do not lay down the rule as universal, but as subject to exceptions and modifications, which must be applied from time to time as new cases arise."

For other cases dealing with the question of jurisdiction, see notes to Code 1930 (Michie), section 6337.

Section 6365 of the Code provides: "The appellate court shall affirm the judgment, decree, or order, if there be no error therein, and reverse the same, in whole or in part, if erroneous, and enter such judgment, decree, or. order as to the court shall seem right and proper and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice. A civil case shall not be remanded for a trial *de novo* except where the ends of justice require it, but the appellate court shall, in the order remanding the case, if it be remanded, designate upon what questions or points a new trial is to be had."

██ To accede to the first prayer of plaintiff and enter final judgment for the plaintiff in the sum of $250 would violate the prohibitory provision of section 6337. This court is only authorized to assume jurisdiction of cases of this nature when the amount in controversy is $300 or more. There is no warrant in law for the entry by this court of a money judgment for a sum less than the jurisdictional amount. Likewise it is impossible to remand the case for a new trial, for the reason that the damages have been fixed by the jury and no complaint was made by the plaintiff that the damages were inadequate or that the court erred in giving or refusing instructions. The attitude of the plaintiff in the court below was that of complete acquiescence in the result of the trial. She elected to abide

by the result of the court's decision on the motion of the defendants to set aside the verdict of the jury. As far as she was concerned, the amount in actual controversy was the sum of $250. In the present state of the record, in no event could the plaintiff claim more than that sum. If it were possible to remand the case for a new trial, upon what questions or points would the new trial be had? To ask the question is to answer it.

We are not unmindful of the decision of the appellate court, as then constituted, in *McCrowell* v. *Burson,* 79 Va. 290, or the decision of the Special Court of Appeals in *Fox* v. *Mason,* 139 Va. 667, 124 S. E. 405. As to the former case, we are in thorough accord with the criticism of the decision by Judge Burks, which is to be found in Burks' Pleading and Practice, pages 758-9. There we read:

"Usually, if a party is not satisfied with a verdict or judgment of a trial court, the objection must be made in some way in the trial court, but attention is called to a Virginia case in which no such objection was made, and yet upon writ of error the losing party was allowed to take advantage of alleged irregularities of the judgment of the trial court. The plaintiff sued for one thousand dollars. There was a special verdict finding conditionally for the plaintiff the sum of $242.25. Upon this special verdict the trial court rendered judgment for the *defendant,* but no objection was made to the verdict, nor was any motion made for a new trial, but the plaintiff obtained a writ of error, and it was held that the court had jurisdiction. It was evident that the plaintiff was willing to accept judgment for $242.25, and hence made no objection to the verdict. This, then, would seem to have been the matter in controversy, and that the Court of Appeals had no jurisdiction, but it was held otherwise and a new trial was ordered. With deference, it is submitted that the conclusion was wrong."

In the case of *Fox* v. *Mason, supra,* it appears that Fox brought an action of assumpsit against Mason to recover the sum of $350. There was a verdict for the plaintiff in

the sum of $175. This, on motion of the defendant, was set aside and final judgment entered for him. A writ of error was awarded the plaintiff and the Special Court of Appeals reversed the judgment of the trial court and entered judgment for the plaintiff in the sum of $175. The question of jurisdiction was not adverted to either by counsel or the court, and the case was decided on the question of a conflict of evidence.

As indicated in this opinion, we are not in accord with the decisions in those cases, and they are hereby expressly overruled.

We are, therefore, of opinion that the writ of error must be dismissed as improvidently awarded.

*Dismissed.*

BROWNING, J., dissenting.