Shirley A. ZEBROWSKI, Plaintiff
vs.
Richard J. TRUSTY and
Rena F. TRUSTY, Defendants

No. 325

District Court Department
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

November 4, 1982

John J. Driscoll, counsel for plaintiff.
William A. Murray, III, counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Western Hampden Division, and no error having been found.

It is hereby ordered:

That the Clerk of the Western Hampden Division make the following entry in said case on the docket of said Court; namely:

Report Dismissed

Date: November 4, 1982
Francis J. Larkin, Justice
Allan McGuane, Justice
William T. Walsh, Justice

Opinion filed herewith:
Robert E. Fein, Clerk

### OPINION

Larkin, J. This appeal arises out of a suit for personal injuries. On September 27, 1974, the plaintiff was injured when a stove pipe fell from the ceiling of a home she was in the process of purchasing from the defendants. (The purchase transaction had not been completed at the time of the injury here at issue but a reading of the report indicates that there is no substantial issue concerning "control" of the premises). The defendant removed a wood stove from the property, pursuant to the purchase agreement, and allegedly left the bottom pipe reaching up through the ceiling hanging by force of friction only. It is clear that the forces of gravity eventually overwhelmed the tension of friction, and the pipe fell from the ceiling, causing the injury complained of in the case at bar. The defendant denied the allegations and entered evidence of his own attempting to demonstrate the absence of negligence. The trial court found for the plaintiff in the sum of $7,652.60 and the defendant appeals here.

The defendant had timely filed a series

of requests for rulings essentially all seeking to further his contention of freedom from culpability. We do not believe that a useful purpose would be served in going through the particularized requests. Suffice it to say that the vast generality of these requests are in reality requests for findings of fact rather than requests of law. (See especially Requests for Rulings Nos. 1 through 5). As such they fall afoul of the long standing interdict that the Appellate Division sits to respond to requests for rulings of law and not of fact. See, e.g., **Adamaitis v. Metropolitan Life Insurance Co.,** 295 Mass. 215 (1936); see also **Mason v. Geddes** 258 Mass. 40 (1926).

As to the Defendant's request for Ruling No. 6 and 7, Massachusetts Rules of District and Municipal Court Procedure, Rule 64(b) states that "no review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification on the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." A request that "upon all the evidence" a finding for the defendant is required is faulty for lack of specification and need not be reviewed by the Appellate Division; see **Perma-Home Corp. v. Nigro** 346 Mass. 349, 353-354 (1963). The rule is specific that in this type of request for a ruling the defendant must specify in the request the grounds upon which such a request is based. If the grounds are not specified, there is no review as of right. Therefore, this request for a ruling is not the proper subject of a Report to the Appellate Division.

We have examined the trial judge's handling of the defendant's other requests for rulings and again deem that there was no error in the disposition of these requests. Finally, we have examined in detail the entire record before us and conclude that there was clearly sufficient credible evidence to support the finding and judgment of the court below. Under no appropriate view of the record can it be said that the trial judge is patently wrong.

For all of the above reasons we find that there is no error and, accordingly, the report should be dismissed.

<div align="right">

Francis J. Larkin, J.
Allan McGuane, J.
William T. Walsh, P.J.