## Richmond

TEH LEN CHU, ADMINISTRATOR, ETC.

v.

FAIRFAX EMERGENCY MEDICAL ASSOCIATES, LTD.

April 30, 1982.

Record No. 791612.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ.

*John D. Grad* for appellant.

*Norman F. Slenker (Slenker, Brandt, Jennings & Johnston,* on brief), for appellee.

PER CURIAM.

On January 10, 1977, Wing C. Chu, a youth of sixteen, died in the emergency room at Fairfax Hospital of an aspirin overdose. His father and administrator, Teh Len Chu, brought this medical malpractice action against Fairfax Hospital Association and Fairfax Emergency Medical Associates, Ltd., for damages allegedly resulting from Wing's death.

In a jury trial, at the request of the defendants, the trial court granted Instruction J, which reads:

> The Court instructs the jury that if an Emergency Room physician in making his diagnosis and in rendering treatment brings to his patient that degree of care, skill and knowledge which is possessed by the average member of his profession in the same line of practice, in the Fairfax, Virginia area or similar locality, and under like or similar circumstances, he is not liable for damages resulting from his honest mistake or a bona fide error in judgment. You are instructed that the law requires a physician to base any professional decision that he may make on skillful and careful study and consideration of the case, but when the decision depends upon an exercise of judgment, the law requires only that the judgment be made in good faith, and in accordance with accepted med-

ical standards of practice in the Fairfax, Virginia area or other similar type locality.

The jury returned a verdict in these words:

We, the Jury, on the issue joined in the case of Teh Len Chu, Administrator of the Estate of Wing C. Chu, Deceased, Plaintiff, versus Fairfax Hospital Association and Fairfax [Emergency] Medical [Associates], Ltd., Defendants, find in favor of the Defendant(s): *Not Guilty since the law requires only that the judgement be made in good faith etc. as per instruction J.*

(The italics indicate language added by the jury to a verdict form supplied by the trial court).

Judgment was entered on the verdict, and this appeal followed.[1] The sole question concerns the action of the trial court in granting Instruction J. Believing this action was error, we reverse.

In *Fox* v. *Mason,* 139 Va. 667, 670, 124 S.E. 405, 406 (1924), we said that a physician attending a patient must use the same degree of skill and knowledge that is ordinarily exercised in like cases by physicians practicing in similar localities and " 'must exercise his best judgment in the application of his skill and in the use of ordinary care.' "[2]

The applicable standard, therefore, is completely unitary in nature, combining in one test the exercise of "best judgment" *and* the use of "ordinary care." Instruction J, however, suggests the standard may be disjunctive in nature. By employing the language, "but when the decision depends upon an exercise of judgment, the law requires only that the judgment be made in good faith," the instruction allows the jury to determine a physician's duty as an either/or proposition; the jury may find no liability if it believes a medical judgment is made in good faith, notwithstanding its further belief that ordinary medical care might require a different judgment. The jury's specific reference to the "good

[1] Originally, the administrator sought an appeal against both defendants, but he later withdrew the petition against Fairfax Hospital Association.

[2] *Fox* was overruled on another point in *Madison* v. *Kroger Grocery Co.,* 160 Va. 303, 309-10, 168 S.E. 353, 355-56 (1933), but the case still stands for the proposition cited in the text.

faith" language demonstrates that Instruction J is both misleading and prejudicial.

Furthermore, we believe that terms such as "honest mistake" and "bona fide error" have no place in jury instructions dealing with negligence in medical malpractice cases. The terms not only defy rational definition but also tend to muddle the jury's understanding of the burden imposed upon a plaintiff in a malpractice action. If use of the terms were permitted, it would be appropriate to ask: Must a plaintiff prove a "dishonest mistake" or a "bad faith error" in order to recover? The obvious negative answer reveals the vice in the use of the terms.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*