414 So.2d 226 (1982)
Elena VELIZ and Gilberto Veliz, Her Husband, Appellants,
v.
AMERICAN HOSPITAL, INC., Appellee.
No. 81-1229.
District Court of Appeal of Florida, Third District.
May 4, 1982.
As Corrected on Denial of Rehearing June 7, 1982.
*227 Rudolph Browd, Miami, for appellants.
Adams & Hill and Jeffrey C. Fulford, Orlando, for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is taken from a Final Judgment entered on a jury verdict finding that appellee, American Hospital, Inc., was not negligent in a medical malpractice action. The first of two issues raised for our review is whether two instructions given the jury as to the standard of care required of nurses were so conflicting and confusing as to necessitate a new trial. By the second point of this appeal, appellant claims prejudicial error caused by a casual communication between the defense representative and a juror during a luncheon recess. The first issue has merit. The second issue is without merit.
On February 5, 1979, appellant was admitted to American Hospital for foot surgery. On February 6th an operation was performed under general anesthesia. Other medications were subsequently administered post-operatively. On February 7, 1979 at approximately 9:30 A.M. appellant rang the nurse's bell for assistance. The call was answered by a nurse on duty who helped appellant to the bathroom but then left her alone. While appellant was attempting to undress and wash, she experienced dizziness and fell backwards, injuring her lower back on the bathtub. The question before the jury was whether leaving the appellant in the bathroom unattended, while she was still under the influence of sedative medication, was below the standard of care required by health care providers.
At the conclusion of all the evidence, a charge conference was held at which time defendant requested a special jury instruction[1] which was objected to by appellant. The trial court sustained the objection and indicated that the instruction would not be given. However, the trial court did read the first part of the challenged instruction to the jury, as follows:
The practice of medicine is not an exact science and nurses are not to be held liable for honest errors of judgment.
The instruction given to the jury immediately before the above-challenged instruction was Standard Jury Instruction 4.2(a) which reads:
Negligence is the failure to use reasonable care. Reasonable care on the part of a hospital is the use of that knowledge, skill and care which is generally used in similar cases and circumstances by hospitals in communities having similar medical standards and available facilities.
Appellant contends the instruction is erroneous because it is confusing as to the duty of care owed to the patient and suggests conflicting standards of proof. We agree.
This subject was considered by the Supreme Court Committee on Standard Jury Instructions which thought it deserving of a specific recommendation. That recommendation is found as a note following Standard Jury Instruction 4.2(a) and states:
The Committee recommends that no charge be given to the effect that "a physician is not to be held liable for an honest error in judgment" and that "it must be shown that the course he pursued was clearly against the course recognized as correct by his profession." The *228 charge is confusing, difficult of application and argumentative.[2]
The Florida Supreme Court's decision in Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974) is directly applicable in this case. In it, the Supreme Court held that the trial court's instruction (however justifiable under the authorities before the trial judge) gave the jury two different standards of proof to apply, thus giving the jury contradictory instructions. The mere giving of two conflicting standards may, without more, constitute reversible error, even though one of the standards correctly applies. Key West Electric Company v. Albury, 91 Fla. 695, 109 So. 223 (1926); Florida East Coast Railway Company v. Jones, 66 Fla. 51, 62 So. 898 (1913). An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they may not have reached. Finch v. State, 116 Fla. 437, 156 So. 489 (1934). See also Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977). Under the instructions in this case, the jury could have found the defendant not liable because it believed the nurse on duty made an honest mistake of judgment while at the same time it also could have believed her conduct constituted a clear departure from the required standard of care.
Finally, this court recently found error in a trial judge's giving jury instructions similar to those in this case, on grounds the instructions were confusing and conflicting. Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982).
Reversed and remanded for a new trial.
NOTES
[1] Special instruction No. 9 as requested reads as follows (but only the underlined portion was given to the jury):

The practice of medicine is not an exact science and nurses are not to be held liable for honest errors in judgment. They are allowed a wide range in the exercise of their judgment and discretion. To hold a nurse liable it must be shown that the course she pursued by [sic] clearly against the course recognized to be acceptable by her profession.
[2] Florida Standard Jury Instructions, Supreme Court Committee on Jury Instructions in Civil Cases, Library of Congress, Catalog No. 67-24732, copyright 1981, The Florida Bar.