**Pamela DEMMER, a minor, By and Through her natural mother and guardian, Nelva DEMMER, Appellant,**

**Nelva Demmer, individually,**

v.

**Walter H. PATT, M.D., as an individual and Brookings Clinic, P.A., Appellees.**

**No. 85–5303.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1986.

Decided April 21, 1986.

Glenn L. Norris, Des Moines, Iowa, for appellant.

Carleton R. Hoy and Edwin E. Evans, Sioux Falls, S.D., for appellees.

Before LAY, Chief Judge, and ROSS and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

This is a diversity case in which the defendant, Dr. Walter H. Patt, received a favorable jury verdict exonerating him and the Brookings Clinic, P.A., in which Dr. Patt's office is located, from any malpractice in the treatment of Pamela Demmer. Nelva Demmer, the mother and guardian of Pamela, a minor, has appealed the judgment on the verdict, asserting *inter alia* prejudicial error in the trial court's [1] instruction on the proper standard of care under South Dakota law. Mrs. Demmer now seeks a new trial. We sustain her request and grant a new trial.

The trial court instructed the jury that, under South Dakota law, a physician charged with malpractice is not liable for damages resulting from a bona fide error of judgment of which the physician may be guilty.[2] Demmer argues that the instruc-

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota, presiding.

2. The precise instruction given by the district court was as follows:

   If a physician brings to his patient care, skill and knowledge, he is not liable to him for damages resulting from a bona fide error of judgment of which he may be guilty. The law requires a physician to base any profes-

sional decision he may make on skill and careful study and consideration of the case, but when the decision depends on an exercise of judgment, the law requires only that the judgment be bona fide. A physician is not an insurer of the correctness of his judgment, especially is this true in cases of doubt or where competent medical authority is divided, and the physician in question follows a course of treatment advocated by a substan-

tion improperly allowed the jury to exonerate Dr. Patt if the jury found that he exercised his judgment in "good faith" and that the instruction thus constituted prejudicial error.

In deciding this case, we are aided by intervening decisions of the South Dakota Supreme Court. On January 15, 1986, prior to oral argument in this case, the Supreme Court of South Dakota rendered its decision in *Shamburger v. Beherns*, 380 N.W.2d 659 (S.D.1986), holding that an instruction similar to that given in the present case was prejudicial error. Relying on several decisions of other jurisdictions,[3] the Supreme Court of South Dakota observed:

> These courts have held that the use of such terms as "honest mistake," "bona fide error in judgment," or "good faith error in judgment" have no place in a medical malpractice instruction.

> [T]o use such a phrase in a charge upon negligence serves only to confuse a jury by implying that only an error in judgment made in bad faith can be actionable. The central issue in the ordinary negligence case is whether the defendant has deviated from the required standard of reasonable care, not his mental state at the time of the conduct[.]

*Logan*, 465 A.2d at 303.

We agree with the reasoning expressed in these cases and hold that the use of such terms as "good faith error in judgment" unduly confuses the issues in a negligence action. Hereafter, such instructions should not be given. Any language to the contrary in prior decisions is expressly overruled. We find the giving of instruction number 7 prejudicial to Shamburgers, and remand for new trial. *Shamburger*, 659 N.W.2d at 663.

The defendants here concede that the *Shamburger* decision is now controlling in malpractice cases tried under South Dakota law and precludes the future use of the instruction given by the district court. At oral argument, the parties narrowed the issue to the applicability of the *Shamburger* rule to cases, such as this, that were pending on appeal at the time *Shamburger* was decided.[4] The defendants argue that *Shamburger* should be applied prospectively only, noting the court's statement in *Shamburger* that the instruction is not to be used "hereafter."

Once again, we find that a recent decision of the South Dakota Supreme Court is controlling on the issue before us. On February 19, 1986, the Supreme Court of South Dakota rendered its decision in *Magbuhat v. Movarik*, 382 N.W.2d 43 (S.D. 1986), a medical malpractice case in which the trial court had used the "bona fide error of judgment" instruction. As in the case at bar, *Magbuhat* was pending on appeal at the time *Shamburger* was decided. The Supreme Court of South Dakota, without discussing the rules of retroactivity, held that *Shamburger* was controlling. The court stated:

> The trial court gave the following instruction:

> If a specialist brings to his patient care, skill and knowledge, he is not liable to that patient for damages resulting from a bona fide error of judgment of which he may have been guilty. The law requires a specialist to

---

tial number of competent physicians in good standing in his community.

**3.** The court in *Shamburger* cited *Somer v. Johnson*, 704 F.2d 1473 (11th Cir.1983); *Logan v. Greenwich Hospital Association*, 191 Conn. 282, 465 A.2d 294 (1983); *Veliz v. American Hospital, Inc.*, 414 So.2d 226 (Fla.App.), *pet. denied*, 424 So.2d 760 (1982); *Wall v. Stout*, 310 N.C. 184, 311 S.E.2d 571 (1984); *Ellis v. Springfield Women's Clinic, P.C.*, 67 Or.App. 359, 678 P.2d 268, *rev. denied*, 297 Or. 228, 683 P.2d 91 (1984); *Teh*

*Len Chu v. Fairfax Emergency Medical Associates*, 223 Va. 383, 290 S.E.2d 820 (1982).

**4.** We note that Demmer also makes a persuasive argument that the "bona fide error of judgment" instruction as approved by previous case law was not applicable to the facts of this case. Demmer contends that even the "best judgment" rule should not apply where the physician acts contrary to what is established and accepted practice in the profession. In view of our holding, we need not pass on this argument.

base any professional decision he may make on skill and careful study and consideration of the case, but when the decision depends on an exercise of judgment, the law requires only that the judgment be bona fide. A specialist is not an insurer of a correctness of his judgment nor the end result of his medical treatment.

This instruction has been considered with approval on previous occasions. *See, e.g., Block v. McVay,* 80 S.D. 469, 475–76, 126 N.W.2d 808, 811 (1964). However, we no longer consider it appropriate. *Shamburger v. Behrens,* 380 N.W.2d 659, 663 (S.D.1986). It imposes an unrealistic, burden on a plaintiff to prove that the doctor's judgment was rendered with less than good faith. *Id.*

The negligence standard for doctors is no different than that for other professionals. *See Lenius v. King,* 294 N.W.2d 912, 914 (S.D.1980); Comments to Instruction 105.00 Malpractice, S.D. Pattern Jury Instructions (Civil), v. 1. The issue on which the jury should be instructed in a medical malpractice action is whether the doctor deviated from the required standard of care. That deviation is not conditioned on bad faith or the physician's state of mind at the time of the alleged negligence. *See, e.g.,* Instruction 105.01, S.D. Pattern Jury Instructions (Civil), v. 1. Thus, the instruction, as phrased, was erroneous.

*Magbuhat,* 387 N.W.2d at 45–46.

The South Dakota Supreme Court's retroactive application of the *Shamburger* rule is consistent with the United States Supreme Court cases discussing the retroactivity of changes in decisional law. *See, e.g., Bradley v. Richmond School Board,* 416 U.S. 696, 711–21, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Chevron Oil Co. v. Huson,* 404 U.S. 97, 105–09, 92 S.Ct. 349, 355–57, 30 L.Ed.2d 296 (1971); *Thorpe v. Housing Authority of City of Durham,* 393 U.S. 268, 281–83, 89 S.Ct. 518, 525–26, 21 L.Ed.2d 474 (1969). In a recent decision of this court analyzing the Supreme Court cases, we stated that "where there is a decisional change of state or federal sub-stantive law between the time of trial and appeal," Supreme Court precedent provides that " 'an appellate court must apply the law in effect at the time it renders its decision' unless there exists a 'manifest injustice.' " *Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880, 889 (8th Cir. 1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). We agree with the implicit finding of the South Dakota Supreme Court that requiring the defendants to stand a retrial under the proper standard of care would not result in a manifest injustice. Thus, under governing decisions of South Dakota Supreme Court, we find that the "bona fide error of judgment" instruction was prejudicially erroneous and that the ruling is applicable to the case at bar.

The judgment for the defendants is ordered vacated and the case is remanded for a new trial.