ROGERS,
*Appellant,*

*v.*

MERIDIAN PARK HOSPITAL et al,
*Defendants,*

*and*

HOLMES,
*Respondent.*

(8503-01766; CA A44255)

763 P2d 400

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were David K. Miller, and Schwabe, Williamson & Wyatt, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

This is an action for damages for medical malpractice. Plaintiff alleged that defendants Holmes and Spittel were negligent in their treatment during an operation to remove a bowel obstruction. The case was tried to a jury, which returned a verdict for defendants.[1] Plaintiff appeals, assigning as error the giving of Uniform Civil Jury Instruction (UCJI) No. 105.06 on liability for errors of judgment.[2]

On April 16, 1983, plaintiff underwent abdominal surgery at Meridian Park Hospital. Defendant was the anesthesiologist. At some time during or subsequent to the surgery, plaintiff regurgitated and aspirated material from his stomach. He alleged that defendant negligently failed to prevent the aspiration, which caused permanent lung and kidney damage.

At trial, expert testimony by both plaintiff's and defendant's experts established that the endotracheal tube, inserted to aid a patient's breathing during anesthesia, also helps prevent stomach contents from entering the lungs. Expert testimony also established that medical opinion differs regarding the appropriate time to remove the tube after surgery is completed. Some physicians recommend removal of the tube as soon as a patient begins to regain enough reflexive activity to resist its presence through a coughing-like response known as "bucking," because the bucking creates a risk of reopening sutures, irritation of the trachea and other complications. Others recommend resedating the patient and leaving the tube in place to protect against aspiration of stomach contents. Plaintiff's experts testified that defendant was negligent in removing the tube prematurely. Defendant's experts testified that the course of action which he chose was a medically acceptable alternative treatment.

Testimony was also given regarding the appropriate position in which to place a post-operative patient to reduce the risk of aspiration. Again, qualified experts gave differing medical opinions, with defendant's experts testifying that the

---

[1] Spittel, initially a respondent, was dismissed from this appeal. Holmes will be referred to as defendant.

[2] This is the only error claimed by plaintiff in this eight-day trial.

position which he chose for the patient's recovery was one considered appropriate by members of the profession.

At trial, the court gave this instruction:

"In some cases, there may be reasonable differences of opinion among members of the medical profession as to the nature of the patient's condition or the proper course of treatment. When there is such a difference of opinion, the physician must exercise reasonable judgment. A physician is liable for an error of judgment if the physician fails to act with reasonable skill and care in exercising that judgment. A physician is not liable for an error of judgment if the physician acts with reasonable care and skill in exercising such judgment."[3]

■ As a threshhold issue, defendant argues that plaintiff failed to preserve his objection to the instruction adequately. Specifically, defendant argues that plaintiff excepted only to these sentences:

"In other cases there may be reasonable differences of opinion among members of the profession as to the nature of the patient's condition or the proper course of treatment. When there is such a difference of opinion, the physician must exercise reasonable judgment."

Although plaintiff's exception did focus on the two lines cited, emphasis on them was consistent with his argument against the whole instruction. Plaintiff might have developed more clearly the basis for exception, but the exception was sufficient to preserve the issue for appeal. *Mariman v. Hultberg,* 82 Or App 535, 728 P2d 919 (1986).

Defendant next argues that, even if plaintiff adequately preserved the issue, he is wrong as a matter of law. We agree. Plaintiff argues that the instruction should never be given in a medical malpractice case, because it interjects an unnecessary element, error of judgment, into the basic professional negligence standard. Oregon law, however, supports the use of the instruction under appropriate circumstances. In *Roach v. Hockey,* 53 Or App 710, 714, 634 P2d 249, *rev den* 292 Or 108 (1981), we reviewed the case law relevant to errors of judgment in medical malpractice actions and concluded:

"[I]t is clear that a physician is not liable for an error of judgment where there is a reasonable doubt or a difference of

---

[3] UCJI 105.06.

opinion as to the nature of the patient's condition or the proper course of treatment and the physician acts with reasonable care and skill in exercising that judgment."

*See also Ellis v. Springfield Women's Clinic,* 67 Or App 359, 678 P2d 268, *rev den* 297 Or 228 (1984).

■       In this trial, the jury could have found that there was a reasonable difference of opinion among experts as to the proper course of treatment regarding both removal of an endotracheal tube and the appropriate post-operative position for a patient at risk of aspiration. The instruction is designed to address just such differences of medical opinion.

■       Further, in evaluating plaintiff's claim of error, we consider the jury instructions as a whole. *Hansen v. Bussman,* 274 Or 757, 781, 549 P2d 1265 (1976); *Horn v. City of Elgin,* 28 Or App 545, 550, 559 P2d 1319, *rev den* 278 Or 157 (1977). Before giving the challenged instruction, the court instructed the jury:

> "Physicians who are specialists in a particular field of medicine have the duty to use that degree of care, skill and diligence which is used by ordinarily careful specialists practicing in the same medical field and in the same or a similar community. A failure to use such care, skill or diligence is negligence."

That instruction, UCJI No. 105.02, modifies the basic statutory standard of care for all medical practitioners, ORS 677.095, to apply to specialists. ORS 677.095, in turn, codifies the common law definition of negligence. The jury was told to apply the common law definition of negligence to the evidence it was considering. The challenged instruction addressed a particular type of professional conduct but reiterated that a physician is required to act with "reasonable care and skill" in the exercise of judgment to avoid liability. The instructions, taken together, correctly state the applicable law.

       Affirmed.