Argued and submitted March 8, the decisions of the Court of Appeals and trial court reversed and case remanded to the trial court for a new trial April 18, 1989

ROGERS,
*Petitioner on Review,*

*v.*

MERIDIAN PARK HOSPITAL et al,
*Defendants,*

*and*

HOLMES,
*Respondent on Review.*

(TC 8503-01766; CA A44255; SC S35749)

772 P2d 929

J. Michael Alexander, Salem, argued the cause for petitioner on review. With him on the petition were Burt, Swanson, Lathan, Alexander & McCann, Salem.

John R. Faust, Jr., Portland, argued the cause for respondent on review. On the response were Ridgeway K. Foley, Jr., Timothy J. Murphy, Mildred J. Carmack, and Schwabe, Williamson, Wyatt, Moore and Roberts, Portland.

PETERSON, C. J.

## PETERSON, C. J.

This is an action in negligence for damages brought by a patient against an anesthesiologist.[1] The jury returned a verdict for the defendants and the plaintiff appealed. The Court of Appeals affirmed. *Rogers v. Meridian Park Hospital,* 93 Or App 533, 763 P2d 400 (1988). The sole issue on appeal is whether the trial court erred in giving Uniform Civil Jury Instruction ("UCJI") No. 105.06. We reverse and remand for retrial.

### FACTS

The plaintiff had abdominal surgery at Meridian Park Hospital. The defendant was his anesthesiologist. Either during or immediately after the surgery the plaintiff regurgitated and aspirated matter from his stomach, resulting in permanent lung and kidney damage. He alleged that the defendant negligently failed to prevent the aspiration.

Expert testimony established that the endotracheal tube aids the patient's breathing under anesthesia and helps prevent material from the stomach from entering the lungs. The experts also testified that medical opinion differs on when to remove the tube after surgery. Some physicians remove the tube as soon as the patient regains enough reflexive activity to resist its presence through a coughing-like response called "bucking," because bucking could reopen sutures, irritate the trachea, and the like. Others resedate the patient, leaving the tube in place to prevent aspiration of stomach contents. The plaintiff's experts testified that the defendant was negligent in removing the tube prematurely. The defendant's experts testified that his course of action was one of several medically acceptable alternatives.

The experts also testified about the appropriate position in which to place a patient during recovery to reduce the risk of aspiration. The experts again gave differing medical opinions.

The judge instructed the jury with a slightly modified version of UCJI No. 105.06. The instruction given contained five sentences (which we number for later reference):

---

[1] The defendant anesthesiologist is the only remaining defendant on appeal.

"[1] A physician is charged with applying without error those principles and learnings that are settled and agreed upon by all members of the medical profession. [2] In some cases, there may be reasonable differences of opinion among members of the medical profession as to the nature of the patient's condition or the proper course of treatment. [3] When there is such a difference of opinion, the physician must exercise reasonable judgment. [4] A physician is liable for an error of judgment if the physician fails to act with reasonable care and skill in exercising that judgment. [5] A physician is not liable for an error in judgment if the physician acts with reasonable care and skill in exercising such judgment."

The jury returned a verdict for the defendant, the plaintiff appealed, and the Court of Appeals affirmed.

## ANALYSIS

Actions against professionals often involve the exercise of what the professionals refer to as "judgment." Due care may permit an engineer to design a device using material *A* or material *B*. Selection of either material for the design is not negligence. Similarly, due care may permit a surgeon to follow an alpha procedure or a beta procedure. Selection of either procedure is not negligence. Expert witnesses may testify, "The choice of either alpha or beta is a matter of *judgment;* either is acceptable." This brings us to the "error-of-judgment" rule, which is nothing if not hoary in Oregon case law.

The rule derives in part from the notion that a doctor does not promise a cure and that an untoward result might not be the result of negligence. *See, e.g., Hills v. Shaw,* 69 Or 460, 467, 137 P 229 (1914); *Langford v. Jones,* 18 Or 307, 323, 22 P 1064 (1890). In *Lehman v. Knott,* 100 Or 59, 71, 196 P 476 (1921), this court discussed "error in judgment" and attempted to distinguish between "improper" treatment and "negligent" treatment. The court stated that "[i]mproper treatment * * * might be due to error in judgment of a skillful surgeon honestly and carefully exercised, and not constitute negligent treatment." Likewise, in *Malila v. Meacham,* 187 Or 330, 354, 211 P2d 747 (1949), the court declared that "a physician or dentist is not a warrantor of cures * * * and that, if a regularly licensed physician or dentist with reasonable diligence employs the skill of which he is possessed in treating a surgical case, he is not liable for an error of judgment."

The error-of-judgment rule also stems in part from the recognition that if there is more than one acceptable treatment option, then the selection of any one of them is not negligence. Thus, a doctor is not liable for untoward results if he or she used reasonable care in selecting one of those options. *See Foxton v. Woodmansee,* 236 Or 271, 281, 386 P2d 659 (1964).

An instruction that accurately quotes or faithfully paraphrases an appellate decision is not necessarily beyond reproach. Indeed, "it is not advisable in charging the jury to use the exact words of an appellate court opinion * * *." *Ireland v. Mitchell,* 226 Or 286, 294, 359 P2d 894 (1961). In *Amfac Foods v. Int'l Systems,* 294 Or 94, 99 n 3, 654 P2d 1092 (1982), we warned that because many appellate opinions are written with no view that they will be turned into instructions, care must be exercised in using the language of these opinions for instructions to juries. *See also Thornburg v. Port of Portland,* 244 Or 69, 73, 415 P2d 750 (1966).

Jury instructions should reduce the relevant law to terms readily grasped by the jury without doing violence to the applicable legal rule. *Newbern v. Exley Prod. Exp. Co.,* 212 Or 458, 470, 320 P2d 678 (1958). In *Williams v. Portland Gen. Elec.,* 195 Or 597, 610, 247 P2d 494 (1952), this court explained the aim of instructions:

> "The parties to any jury case are entitled to have the jury instructed in the law which governs the case in plain, clear, simple language. The objective of the mold, framework and language of the instructions should be to enlighten and to acquaint the jury with the applicable law. Everything which is reasonably capable of confusing or misleading the jury should be avoided. Instructions which mislead or confuse are ground for a reversal or a new trial."[2]

The error-of-judgment instruction has been criticized on several occasions. In *Rayburn v. Day,* 126 Or 135, 268 P 1002 (1928), the plaintiff took a very general exception to the

---

[2] ORCP 59 also pertains to jury instructions. ORCP 59B directs the court to "state to [the jury] all matters of law necessary for their information in giving their verdict." ORCP 59E provides that the court "shall not instruct with respect to matters of fact, nor comment thereon." For appellate review, ORCP 59H provides that "no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury."

instruction. The court perfunctorily disposed of the issue, declaring: "The exception having been no more specific, we believe that the court fairly instructed the jury upon the principles of law applicable to the problem before them." 126 Or at 151. The plaintiff in *King v. Ditto,* 142 Or 207, 19 P2d 1100 (1933), complained of an instruction that "[a] physician or surgeon practicing his profession is not liable for errors or mistakes of judgment." The court agreed that, although the instruction correctly stated the law, it was confusing and should not have been given:

> "True, a physician and surgeon is not liable for error of judgment if the same is consistent with the exercise of reasonable care and diligence, but, if the defendants, in the use of the X-ray machine, failed to follow the formula relative to time of exposure universally accepted by the profession it will not do for them, in order to avoid liability, to say 'We exercised our best judgment'. To avoid liability, the judgment must be based upon the exercise of reasonable care and skill." 142 Or at 217.

The court reversed, concluding that "[t]he instructions, considered in their entirety, are subject to criticism * * *." 142 Or at 218.

Even after *King v. Ditto, supra,* the error-of-judgment doctrine lived on as a valid rule of *substantive law,* arising most frequently in the context of challenges to the sufficiency of evidence. *See, e.g., Willard v. Huston,* 234 Or 148, 160, 378 P2d 966 (1963); *Eckleberry v. Kaiser Foundation et al,* 226 Or 616, 626-27, 359 P2d 1090 (1961) (dictum); *Malila v. Meacham, supra,* 187 Or at 354. It appears, however, that this court has not addressed the propriety of the error-of-judgment *instruction* since *King v. Ditto.*

The Oregon Court of Appeals has since reviewed the error-of-judgment instruction and on at least one occasion found it wanting. In *Ellis v. Springfield Women's Clinic,* 67 Or App 359, 361, 678 P2d 268, *rev den* 297 Or 228 (1984), the plaintiff excepted to an error-of-judgment instruction which stated that " 'if the Defendants in good faith and in the exercise of reasonable care, erred in such judgment, then they would not be negligent.' " The court noted that although it had previously approved of the instruction in *Roach v. Hockey,* 53 Or App 710, 715, 634 P2d 249, *rev den* 292 Or 108 (1981), it now concluded that this approval was in error. It decided that

the use of "good faith" in the instruction confused matters and had no place in an action for ordinary medical negligence. 67 Or App 362.

Courts in several other jurisdictions have recently disapproved the use, either in whole or in part, of the error-of-judgment instruction. In *Logan v. Greenwich Hosp. Ass'n,* 191 Conn 282, 465 A2d 294, 303 (1983), the trial judge instructed the jury that a doctor would not be liable for a "bona fide error in judgment." The court agreed with the plaintiff that

> "to use such a phrase in a charge upon negligence serves only to confuse a jury by implying that only an error in judgment made in bad faith can be actionable. The central issue in the ordinary negligence case is whether the defendant has deviated from the required standard of reasonable care * * *. Errors in judgment which occur with the best intentions constitute negligence if they result from a failure to use reasonable care." 465 A2d at 303.[3]

Likewise, in *Watson v. Hockett,* 42 Wash App 549, 712 P2d 855, *aff'd in part, rev'd in part,* 107 Wash 2d 158, 727 P2d 669 (1986), a case in which failure to give the error-of-judgment instruction was challenged on appeal, the court held that the instruction was improper. After noting that so-called malpractice cases are simply negligence actions, the court asked rhetorically:

> "Are other members of society liable for negligent acts, even though they may be the result of an 'honest error in judgment'? * * * [A] driver is liable for the results of his negligent driving, even if committed within the context of an honest error of judgment." 712 P2d at 860.[4]

---

[3] In *Sleavin v. Greenwich Gynecology,* 6 Conn App 340, 505 A2d 436, *rev den* 508 A2d 32-33 (1986), the Connecticut Court of Appeals appears to have laid to rest the error-of-judgment instruction, whether or not it contains a good faith or bona fide qualification. It held: "Lest the charge linger on life support systems, we now declare that giving such a charge is likely to confuse the jury and therefore is error." 505 A2d at 440.

[4] Other courts have also recently disapproved of some form of the error-of-judgment instruction. *See, e.g., Veliz v. American Hosp., Inc.,* 414 So2d 226, 228 (Fla App), *rev den* 424 So2d 760 (1982); *Wall v. Stout,* 310 NC 184, 311 SE2d 571, 577 (1984); *Shamburger v. Behrens,* 380 NW2d 659, 663 (SD 1986); *Teh Len Chu v. Fairfax Emergency Medical,* 223 Va 383, 290 SE2d 820, 822 (1982) (per curiam). *See also* 1 Pegalis & Wachsman, American Law of Medical Malpractice 69, § 2:9 (1980) (describing the error-of-judgment rule as a "seemingly inconsistent and at times confusing statement of law [which] requires some clarification").

The plaintiff in this case asserts that the instruction is unduly confusing and incorrectly states the law. We agree. Medical malpractice cases are nothing more than negligence actions against medical professionals. The fundamental issue in these cases, as in all negligence cases, is whether the defendant breached the standard of care and caused injury to the plaintiff. *See, e.g., Creasey v. Hogan,* 292 Or 154, 163-64, 637 P2d 114 (1981); *Foxton v. Woodmansee, supra,* 236 Or at 289-90; *Wemett v. Mount,* 134 Or 305, 313, 292 P 93 (1930). The physicians' duty of care is codified in ORS 677.095, which provides:

> "A physician or podiatrist licensed to practice medicine or podiatry by the Board of Medical Examiners for the State of Oregon has the duty to use that degree of care, skill and diligence which is used by ordinarily careful physicians or podiatrists in the same or similar circumstances in the community of the physician or podiatrist or a similar community."

■  The challenged instruction obscures the fact that, to avoid liability, the defendant must exercise the degree of care, skill, and diligence required by law. Sentences [2] and [3], taken together, suggest that the physician's duty to "exercise reasonable judgment" turns on the existence of "reasonable differences of opinion." That is incorrect. The obligation to exercise reasonable judgment always exists, whether or not "there may be reasonable differences of opinion among members of the medical community as to * * * the proper course of treatment." The rule stated in sentence [3] does not follow from sentence [2]; moreover, sentence [3] is not a correct statement of the rule of law, because whether or not there is a difference of opinion, a physician must *always* exercise reasonable care. This sentence also makes it appear that reasonable *judgment* is the crucial issue. It is not. In fact, reasonable judgment is irrelevant if the treatment option selected provides reasonable care. A doctor may not know that there is more than one treatment option, or the doctor may adhere only to one option, unreasonably rejecting all others. In both of these instances the doctor, by ignoring or rejecting all other treatment options, may not be exercising reasonable *judgment.* Nevertheless, the doctor is not liable for negligence if the treatment furnished is consistent with reasonable care.

■ Sentences [4] and [5] are also unduly confusing.[5] To state that a doctor is not liable for bad results caused by an *error* of judgment makes it appear that some types of negligence are not culpable. It is confusing to say that a doctor who has acted with reasonable care has nevertheless committed an *error* of judgment because untoward results occur. In fact, bad results notwithstanding, if the doctor did not breach the standard of care, he or she by definition has committed no error of judgment. The source of the problem is the use of the word "error." Error is commonly defined as "an act or condition of often ignorant or imprudent deviation from a code of behavior." Webster's Third New International Dictionary 772 (unabridged 1971). These sentences could lead the jury to believe that a judgment resulting from an "ignorant or imprudent deviation from a code of behavior" is not a breach of the standard of care.

The instruction given by the trial court was based on language concerning the exercise of "judgment" by doctors found in opinions of this court and the Court of Appeals. If the term "judgment" refers to choices between acceptable courses of treatment, then the term "error in judgment" is a contradiction in itself.[6] Use of any acceptable alternative would not be an "error." Witnesses may continue to use terms such as "exercise of judgment." But the court should not instruct the jury in such terms; such instructions not only confuse, but they are also incorrect because they suggest that substandard conduct is permissible if it is garbed as an "exercise of judgment."

■ After reviewing the record, we are unable to say that the error in this case was harmless. The decisions of the trial court and the Court of Appeals are therefore reversed. The case is remanded to the trial court for a new trial.

---

[5] The defendant contends that the plaintiff did not properly except to any sentences besides [2] and [3]. Sentences [2] and [3] by themselves are sufficiently confusing to invalidate the instruction. Because this case must be retried, we also address other sentences in the instruction.

[6] It brings to mind other oxymorons, like "jumbo shrimp," "service station," and "fresh frozen."