I concur with the majority's resolution of this matter. However, because I am deeply concerned by a particular issue that is not addressed in the majority opinion, I feel that it is necessary to state my views. *Page 52 
The majority has not addressed the issue of whether a doctor should be entitled to have the jury instructed that it may not find against him if the plaintiff's injuries resulted from an "honest mistake" in exercising his professional judgment. Because I am concerned that such a jury charge will mislead the jury as to the applicable standard of care, I concur specially to express my views on the propriety of allowing such a jury charge in medical malpractice cases.
I am persuaded by the fact that this state has recently adopted a Medical Liability Act. Ala. Code 1975, § 6-5-480 et seq. The standard of care to be exercised by a physician in this state is clearly spelled out in § 6-5-484, which provides:
 "(a) In performing professional services for a patient, a physician's, surgeon's or dentist's duty to the patient shall be to exercise such reasonable care, diligence and skill as physicians, surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case. In the case of a hospital rendering services to a patient, the hospital must use that degree of care, skill and diligence used by hospitals generally in the community.
 "(b) Neither a physician, a surgeon, a dentist nor a hospital shall be considered an insurer of the successful issue of treatment or service."
This statutory standard does not include any "good faith" or "honest treatment" component. Thus, a jury charge that would allow the defendant to put before the jury the issue of his good faith or his honest belief that a particular course of treatment was proper confuses the proper standard of care in a medical malpractice case.
It should be beyond argument that a particular course of conduct may be honestly believed to be proper on a subjective level and yet evidence negligence by a failure to meet the proper standard of care. It is my contention that the jury charge at issue in the present controversy offers great opportunity for confusion on the part of a jury. I am persuaded in my analysis of this issue by the fact that during the past decade ten American jurisdictions have specifically disapproved of the "good faith" or "honest mistake" jury charge in medical malpractice cases.
In Somer v. Johnson, 704 F.2d 1473 (11th Cir. 1983), the United States Court of Appeals for the Eleventh Circuit was confronted with a case not unlike the one now before us. In that case, the plaintiff sued two doctors, alleging malpractice under Florida law; the plaintiff objected to a jury instruction stating that doctors are not liable for "honest errors of judgment." The Somer court noted that Florida had enacted a statute that codified the standard of care expected of doctors, and stated:
 "The instruction at issue in this case creates a genuine probability that the jury was in fact misled to the detriment of the plaintiff. The jury could have found, for example, that the defendants failed to exercise the level of care acceptable to a 'similar health care provider,' but at the same time, that their mistake, if any, resulted from an 'honest error of judgment.' The possibility of such a misapplication is enhanced by the language of the instruction."
Somer, 704 F.2d at 1478 (citation omitted).
That same concern has been echoed by other courts. See, e.g.,Rogers v. Meridian Park Hospital, 307 Or. 612, 772 P.2d 929
(1989) (error in judgment rule disapproved where controversy involved different treatment choices); Ouellette v. Subak,391 N.W.2d 810 (Minn. 1986) (affirming lower court's refusal to give a charge on good faith error in choosing among alternative treatments as possibly confusing); Magbuhat v. Kovarik,382 N.W.2d 43 (S.D. 1986) (plaintiff may be required to prove that doctor acted with less than good faith under charge on good faith error); Watson v. Hockett, 107 Wn.2d 158, 727 P.2d 669
(1986) (word "honest" should be deleted from the charge on "honest mistake"); Wall v. Stout, 310 N.C. 184, 311 S.E.2d 571
(1984) (holding that honest error charge is potentially confusing and should not be part of jury charge on standard of care due from a doctor); Teh Len Chu v. Fairfax *Page 53 Emergency Medical Associates, 223 Va. 383, 290 S.E.2d 820
(1982) ("terms such as 'honest mistake' and 'bona fide' error have no place in instructions dealing with negligence in medical malpractice cases"); Veliz v. American Hosp., Inc.,414 So.2d 226 (Fla.Dist.Ct.App. 1982) (holding that a charge based on nurse's honest error in judgment is erroneous because it is confusing and misstates applicable standard of proof).
In Logan v. Greenwich Hospital Ass'n, 191 Conn. 282,465 A.2d 294 (1983), the court stated:
 "[T]o sue such a phrase [that a doctor would not be liable for a 'bona fide error in judgment'] in a charge upon negligence serves only to confuse a jury by implying that only an error in judgment made in bad faith can be actionable. The central issue in the ordinary negligence case is whether the defendant has deviated from the required standard of reasonable care, not his mental state at the time of the conduct which constitutes the deviation."
191 Conn. at 298-99, 465 A.2d at 303.
In the case of Teh Len Chu v. Fairfax Emergency MedicalAssociates, 223 Va. 383, 290 S.E.2d 820 (1982), the court stated:
 "[W]e believe that terms such as 'honest mistake' and 'bona fide error' have no place in jury instructions dealing with negligence in medical malpractice cases. The terms not only defy rational definition but also tend to muddle the jury's understanding of the burden imposed upon a plaintiff in a malpractice action. If use of the terms were permitted, it would be appropriate to ask: Must a plaintiff prove a 'dishonest mistake' or a 'bad faith error' in order to recover? The obvious negative answer reveals the vice in the use of the terms."
The practice of allowing this jury charge raises a very serious question: "Are other members of society liable for negligent acts, even though they may be the result of an 'honest error in judgment?'" Watson v. Hockett, 42 Wn. App. 549, 712 P.2d 855 (1986). Is a person driving down the highway liable for an injury he negligently causes regardless of whether that injury is caused by a "good faith" error in judgment? Id., 42 Wn. App. at 556-57, 712 P.2d at 860.
Because I believe that the challenged jury charge may allow juries to find that the defendant acted negligently but that the defendant's negligence resulted from a good faith error on the defendant's part, I would hold that this jury charge should be abandoned. Any use of this charge in a medical malpractice case should be considered prejudicial error.