The **MEDICAL PROTECTIVE COMPANY, Appellee,**

v.

**Fletcher BELL, Appellant.**

**No. 89–1976WM.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1990.

Decided Aug. 21, 1990.

Rehearing and Rehearing En Banc Denied Oct. 3, 1990.

Robert M. Kroenert, Kansas City, Mo., for appellant.

John F. Murphy, Kansas City, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FAGG, Circuit Judge.

Fletcher Bell, commissioner of insurance for Kansas and administrator of Kansas's Health Care Stabilization Fund (the Fund), appeals from an adverse ruling of the district court. The sole question before us on appeal is whether the Kansas Health Care Provider Insurance Availability Act (the Act) permits the Fund to contribute toward a malpractice settlement against Kansas physicians whose nonresident professional corporation carries liability insurance covering the settlement. The district court entered a declaratory order concluding the Act directs the Fund to make payments in this situation. Because the Kansas Supreme Court has construed the Act to the contrary, we reverse.

The Act requires every health care provider residing and licensed to practice medicine in Kansas to maintain a specified minimum amount of professional liability insurance. Kan.Stat.Ann. §§ 40–3401(b), (f), –3402(a) (1986). The Act also provides the Fund will pay any portion of a malpractice settlement against a Kansas provider that exceeds the required minimum coverage. *Id.* § 40–3403(c)(1). "[I]f any liability insurance in excess of [the required minimum coverage] is applicable to [a settlement] or would be applicable in the absence of th[e] [A]ct," however, payments from the Fund are limited to "[the] excess [of the settlement amount] over [the] amounts paid [on the applicable liability insurance] or that would have been payable in the absence of th[e] [A]ct." *Id.* § 40–3408. During the period relevant to this appeal, the Act required minimum coverage of $100,000 for each occurrence of malpractice. *Id.* § 40–3402(a) (1976) (amended 1986).

Andrew B. Kaufman, M.D., and Robert A. Morantz, M.D., resided in Kansas and were licensed to practice medicine there. Both maintained professional liability policies with the Medical Protective Company (Medical Protective) that satisfied the Act's $100,000 minimum coverage requirement. Although not governed by the Act, the Missouri professional corporation that employed Kaufman and Morantz (the Corporation) also maintained a liability policy with Medical Protective. The Corporation's policy insured against up to $1,000,000 in damages resulting from "professional services rendered ... [by any] person for whose acts or omissions the [Corporation was] legally responsible."

In 1983, Kaufman, Morantz, and the Corporation were named as defendants in a malpractice action. Medical Protective settled the claim on behalf of the doctors and the Corporation for $715,000, charging $100,000 of the payment to the individual policies of Kaufman and Morantz, respectively, and $515,000 to the Corporation's policy. Medical Protective then sought a declaratory judgment that the Fund was liable for the $515,000 portion of the settlement exceeding the coverages of Kaufman and Morantz. The Fund replied that the Act prohibited payment, contending the Corporation's vicarious liability insurance was "applicable to [the settled] claim or would [have been] applicable in the absence of th[e] [A]ct." *Id.* § 40–3408 (1986).

The district court rejected the Fund's contention. Since the Corporation could recover the full amount of its vicarious liability from Kaufman and Morantz by asserting its right to indemnity, the court concluded Kaufman and Morantz alone were primarily liable for the entire settlement payment. Based on this conclusion, the court determined "the vicarious liability coverage [carried by] the [C]orporation [was] not 'applicable'·" liability insurance within the meaning of section 40–3408. The district court thus held the Act presented no barrier to the Fund's payment of the doctors' excess liability. 716 F.Supp. 392.

██ As a federal court interpreting a state statute, we are " 'bound by the construction given the statute by the highest court within the state' " that promulgated the measure. *Chandler v. Presiding Judge, Callaway County*, 838 F.2d 977, 979 (8th Cir.1988) (quoting *Slaaten v. Cliff's Drilling Co.*, 748 F.2d 1275, 1277 (8th Cir.1984) (per curiam)); *see also Kansas State Bank v. Citizens Bank*, 737 F.2d 1490, 1496 (8th Cir.1984). Further, we apply the statutory construction in effect at the time we render our decision on appeal. *Demmer v. Patt*, 788 F.2d 1387, 1389 (8th Cir.1986). In this instance, the Kansas Supreme Court recently held: (1) a nonresident professional corporation's vicarious liability insurance does constitute "applicable" coverage under section 40–3408; and (2) section 40–3408 bars payment from the Fund if that insurance is adequate to satisfy a settlement that exceeds the required minimum coverage of the corporation's liable employees. *Obstetrics & Gynecology Ltd. v. Buckner*, 247 Kan. 170, 178–179, 795 P.2d 386, 392–393 (1990). Given the Kansas Supreme Court's decision in *Buckner*, we must conclude the Act does not permit the Fund to make the contribution Medical Protective seeks.

Accordingly, we reverse the district court's order.