20 P.3d 975 (2001)
105 Wash.App. 485
Robert and Virginia EZELL, Appellants,
v.
Scott B. HUTSON, M.D., Respondent.
No. 19630-5-III.
Court of Appeals of Washington, Division 3, Panel Five.
March 6, 2001.
Robert K. Dawson, Pence & Dawson, Seattle, Charles K. Wiggins, Kenneth W. Masters, Wiggins Law Office, Bainbridge Island, for Appellants.
Dan W. Keefe, Keefe, King & Bowman, Spokane, Richard F. Monahan, Roach, Monahan & Lowry, Walla Walla, Mary H. Spillane, Williams, Kastner & Gibbs, Seattle, for Respondent.
BROWN, J.
In this medical negligence action, Robert and Virginia Ezell appeal from a defense judgment in favor of Dr. Scott Hutson. Despite settled precedent, they argue the giving of 6 WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 105.08, at 106 (3d ed. Supp. 1994) (WPI) on "error of judgment" was prejudicial error. We affirm.

FACTS
Dr. Hutson, an orthopedic surgeon, performed arthroscopic surgery on Mr. Ezell's left knee. A staphylococcus infection was later discovered. Dr. Hutson treated the infection with Ancef, an antibiotic. Despite additional treatment, Mr. Ezell continued to experience infection. Mr. Ezell then consulted a Portland orthopedic surgeon, Dr. Robert Manley, who changed Mr. Ezell's medication from Ancef to Nafcillin. The infection *976 soon cleared up, but Mr. Ezell had sustained permanent damage to his knee.
The Ezells filed a medical negligence suit against Dr. Hutson. At trial, Dr. Hutson's experts testified that the course of treatment he chose was within the standard of care. Experts for the Ezells disagreed. Over the Ezells' objection, the trial court instructed the jury that "[a] physician is not liable for an error of judgment if, in arriving at that judgment, the physician exercised reasonable care and skill, within the standard of care the physician was obliged to follow." Clerk's Papers at 126. The jury returned a verdict for Dr. Hutson. We consider the Ezells' appeal after transfer from the Washington Supreme Court where the Ezells originally filed their direct appeal.

ANALYSIS

A. Error of Judgment Instruction
The issue is whether the "error of judgment" instruction is erroneous because it misstates the statutory standard of care in RCW 7.70.040, and because it is ambiguous and misleading. The Ezells ask us to disregard precedent when deciding this issue.
"`Jury instructions are sufficient if they allow the parties to argue their theories of the case, do not mislead the jury and, when taken as a whole, properly inform the jury of the law to be applied.'" Robertson v. State Liquor Control Bd., 102 Wash.App. 848, 860, 10 P.3d 1079 (2000) (quoting Hue v. Farmboy Spray Co., 127 Wash.2d 67, 92, 896 P.2d 682 (1995)). Claimed errors of law in jury instructions are reviewed de novo, and an instruction containing an erroneous statement of the applicable law is reversible error where it causes prejudice. Hue, 127 Wash.2d at 92, 896 P.2d 682.
6 WPI 105.08 provides: "A physician is not liable for an error of judgment if, in arriving at that judgment, the physician exercised reasonable care and skill, within the standard of care the physician was obliged to follow." Washington courts have long approved the use of an "error of judgment" instruction in medical malpractice cases. Division One first approved it in Miller v. Kennedy, 11 Wash.App. 272, 280, 522 P.2d 852 (1974), aff'd, 85 Wash.2d 151, 530 P.2d 334 (1975), explaining that, because a physician may make an error of judgment without being negligent, the instruction makes clear a physician is liable only for misjudgments arrived at through the failure to act within the standard of care of his or her practice.[1] In a second appeal in the Miller case, our Supreme Court expressly upheld the use of this instruction, although not explicitly on the ground that it was legally correct but on the basis that it was (as here) supported by the facts in that case. Miller v. Kennedy, 91 Wash.2d 155, 160, 588 P.2d 734 (1978).
The Court more fully addressed the instruction eight years later in Watson v. Hockett, 107 Wash.2d 158, 727 P.2d 669 (1986). The Court noted it had "unanimously upheld" the instruction in Miller, and held that the instruction was properly given in the case before it. Id. at 164, 727 P.2d 669. The Court observed that the principle underlying the instruction had been "accepted in this state ... and probably in a majority of other jurisdictions as well." Id. at 165, 727 P.2d 669. In Watson, the instruction was challenged, in part, on the basis that the standard of care for physicians had changed since Miller. The Court recognized that the standard had changed. Nevertheless, it held that the "error of judgment" instruction was not thereby rendered invalid since it merely supplemented the standard of care instruction, whatever that standard may be, reinforcing the notion that medicine is an inexact science in which results are not guaranteed and professional judgment may reasonably differ. Id. at 166-67, 727 P.2d 669.
The Court made one change. Previously, the instruction had used the phrase "honest error of judgment," but the Court determined the word "honest" should no longer be used because it imparted "an argumentative aspect into the instruction" and erroneously suggested that only "dishonest" errors were *977 actionable. Id. at 164-65, 727 P.2d 669. The Court delineated the circumstances in which the instruction may be given. It explained that evidence must exist that the physician actually acted within the standard of care and that, in making his or her judgment, he or she was confronted with a choice of competing therapeutic techniques or medical diagnoses. Id. at 165, 727 P.2d 669.
Although the Ezells argue that the Supreme Court's statements in Watson regarding the "error of judgment" instruction are dictum and not binding here, we are constrained to decide otherwise. The Court's discussion regarding this instruction is central to its holding and we conclude that it is binding on this court. Moreover, the Supreme Court upheld the "error of judgment" instruction in Christensen v. Munsen, 123 Wash.2d 234, 249, 867 P.2d 626, 30 A.L.R.5th 822 (1994), and the instruction has been incorporated into the pattern instructions. 6 WPI 105.08 at 106. See also Thomas v. Wilfac, Inc., 65 Wash.App. 255, 263-64, 828 P.2d 597 (1992) (upholding use of instruction).
Overwhelmingly, the decisions relied upon by the Ezells cite instructions qualifying the phrase "error of judgment" with such terms as "honest," "good faith," "bona fide," and "mere," or referred to whether the physician did what he or she thought "best." See Somer v. Johnson, 704 F.2d 1473 (11th Cir. 1983); Shumaker v. Johnson, 571 So.2d 991 (Ala.1990); Logan v. Greenwich Hosp. Ass'n, 191 Conn. 282, 465 A.2d 294, 38 A.L.R.4th 879 (1983); Riggins v. Mauriello, 603 A.2d 827 (Del.Supr.1992); Veliz v. American Hosp., Inc., 414 So.2d 226 (Fla.App.1982); Ouellette v. Subak, 391 N.W.2d 810 (Minn. 1986); Wall v. Stout, 310 N.C. 184, 311 S.E.2d 571 (1984); DiFranco v. Klein, 657 A.2d 145 (R.I.1995); Shamburger v. Behrens, 380 N.W.2d 659 (S.D.1986); Teh Len Chu v. Fairfax Emergency Med. Assocs., Ltd., 223 Va. 383, 290 S.E.2d 820 (1982); Kobos v. Everts, 768 P.2d 534 (Wyo.1989). The rationale of most of these decisions is that such terms as "honest" and "good faith" erroneously suggest the physician is liable only if he or she acted dishonestly or in bad faith. This is precisely the reason our Supreme Court in Watson eliminated the word "honest" from the instruction in this state. Watson, 107 Wash.2d at 165, 727 P.2d 669. Indeed, the Court relied on one of the cases the Ezells cite, Teh Len Chu, 290 S.E.2d 820.
The Ezells cite two cases that have rejected an unqualified "error of judgment" instruction. In one, Rogers v. Meridian Park Hosp., 307 Or. 612, 772 P.2d 929 (1989), the Oregon Supreme Court reasoned that, bad results notwithstanding, a doctor who arrives at a judgment through the exercise of the proper standard of care has by definition committed no "error." Id. at 933. The source of the problem, in the court's view, is that the term "error" is "commonly defined as `an act or condition of often ignorant or imprudent deviation from a code of behavior.'" Id. (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 772 (Unabridged 1971)). Thus, "[i]f the term `judgment' refers to choices between acceptable courses of treatment, then the term `error in judgment' is a contradiction in itself." Id.
It is evident that, in context, the term "error" is used in the limited sense of a physician making a decision that, in hindsight, did not achieve the desired result. We agree it may be confusing to suggest that a physician who has exercised his or her judgment within the standard of care may have committed an "error of judgment," even if it seems unlikely the instruction would be understood that way. However, as noted above, we are bound by stare decisis to follow our Supreme Court's decisions on this subject. If the Supreme Court chooses to revisit the line of cases that bind us, it seems fair to add that we see no independent reason for giving a separate "error of judgment" instruction. It appears to us that the standard instructions are adequate to allow argument on the topic without undue emphasis or risk of confusion. In this sense the "error of judgment" instruction adds little while risking unnecessary confusion.
The second case the Ezells cite is Vachon v. Broadlawns Med. Found., 490 N.W.2d 820 (Iowa 1992). The instruction there did not make reference to errors of "judgment," but it spoke of "mistakes" in "treatment" or "diagnosis." Id. at 824. The court held no *978 reversible error was committed, but, with little discussion, directed that the instruction not be given in future cases. Id. In a subsequent decision, the Iowa Supreme Court more fully explained that instructions of that nature were not statements of the law that determine the duty of care, but rather amounted to comments on the evidence that were unnecessary to the jury's determination of the issues. Peters v. Vander Kooi, 494 N.W.2d 708, 712-13 (Iowa 1993). Not only was the instruction different in the Iowa cases from our instruction, but our Supreme Court has expressly held that Washington's "error of judgment" instruction does not constitute an impermissible comment on the evidence. Christensen, 123 Wash.2d at 249, 867 P.2d 626.
In sum, our Supreme Court has approved the "error of judgment" instruction and we are constrained to follow the principles established under stare decisis. The Ezells have failed to establish that the instruction is a misstatement of the law, or that it is ambiguous and misleading. As such, the trial court did not err in giving the instruction.
B. Prejudice
The issue is whether the giving of the "error of judgment" instruction resulted in prejudicial error.
An erroneous jury instruction is presumed to be prejudicial and is grounds for reversal unless it can be shown that the error was harmless. Thomas v. French, 99 Wash.2d 95, 104, 659 P.2d 1097 (1983). Error is not prejudicial unless it affects or presumptively affects the outcome of the trial. Id. Because we have concluded that the "error of judgment" instruction is not erroneous, it cannot be prejudicial.
Affirmed.
WE CONCUR: KURTZ, C.J., SCHULTHEIS, J.
NOTES
[1] The Supreme Court affirmed this opinion in a short, per curiam opinion on issues other than the error of judgment instruction. Miller v. Kennedy, 85 Wash.2d 151, 151-52, 530 P.2d 334 (1975).